UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE WILLIAMS,

    Plaintiff(s),

v.

ELIZABETH CALDWELL, ET AL.,

    Defendant(s).
_____/

Case No. 04-71205

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [34]**

Before the Court is Defendants' motion for summary judgment. For the reasons stated below the Court GRANTS the motion.

**I.    Factual and Procedural History**

On January 26, 2003, the Ann Arbor Police ("the Police") were notified that a purse and credit cards had been stolen. (Def.'s Ex. 1 at 6.) It was later reported that one of the credit cards was used at an Arbor Drugs store in Ann Arbor, Michigan. (Id. at 6-7.) The Police eventually determined that Yvonne Hackstadt ("Hackstadt") committed the crime. (Id. at 9-10.) Earlier, however, they arrested Plaintiff Darlene Williams ("Plaintiff") for the same incident. (Id. at 4.)

On the date the stolen credit card was used, both Plaintiff and Hackstadt went to Arbor Drugs and purchased merchandise from the same cashier, Dawn Klanseck ("Klanseck"). (Williams Dep. at 14-15; Def.'s Ex. 1 at 10.) They are the same race (African-American)

and gender (female); and close in age (32 and 40 years old), height (5'10" and 5'7"), and weight (260 and 290 pounds). (Id. at 13, 15.)

Officer Peter Stipe ("Stipe") was sent to Arbor Drugs after the Police learned that the stolen credit card was used there. (Def.'s Ex. 2 at 4-5.) Stipe talked to Klanseck and Joseph Atchoo, one of the store managers. (Id.) He told Atchoo to contact the Police if the suspect returned to the store. (Id.)

Later that day, Plaintiff returned to Arbor Drugs and dropped off film for developing. (Williams Dep. at 24.) Jennifer Powers ("Powers"), a different store manager, then contacted the Police and told them that "the suspect" had returned to the store. (Powers Dep. at 31.) Officers Bonnie Fulton ("Fulton"), Elizabeth Caldwell ("Caldwell"), and Eric Ronewicz ("Ronewicz") were then sent to the store.

Plaintiff was sitting in her car in the parking lot when the officers arrived. (Williams Dep. at 27-29.) Fulton approached Plaintiff's car and asked her to roll down the window. (Id. at 30-31.) She then requested identification, asked Plaintiff if she was in possession of any credit cards that did not belong to her, and asked her get out of the car. (Id. at 30-32.) Fulton then went inside Arbor Drugs. (Id. at 32.) Once inside, Fulton spoke with Powers who indicated that other employees had identified Plaintiff as the suspect. (Fulton Dep. at 11.)

Meanwhile, Plaintiff and Caldwell remained in the parking lot and Ronewicz then arrived at the store . (Willaims Dep. at 32; Ronewicz Dep. at 5.) After speaking with Caldwell, he asked Plaintiff for permission to search her car. (Id.) Plaintiff agreed to the search. (Id.) After conducting the search, Ronewicz entered the store. (Id. at 5-6.) He also spoke with Powers who told him that Plaintiff was the suspect. (Id. at 6.)

2

Due to the cold weather, Plaintiff and Caldwell eventually went into the store as well. (Williams Dep. at 32-33.)  A little while later, Plaintiff was placed in handcuffs and informed that she was under arrest. (Fulton Dep. at 12.)  After Plaintiff was taken to the Police station and went through the booking procedure, she was driven back to her car and released. (Id. at 14-16.)

Plaintiff filed a complaint on March 21, 2004 alleging violations of the Fourth and Fourteenth Amendments and false imprisonment by Caldwell, Fulton, and Ronewicz; and violations of 42 U.S.C. § 1981 and negligence by Powers, Klansceck, Casey Weiss (another Arbor Drugs's employee), and Arbor Drugs.  On May 19, 2004, the Court issued an order declining to exercise pendant jurisdiction on the state law claims and therefore dismissed them without prejudice.  On September 21, 2004, Plaintiff filed a first amended complaint reasserting the state law claims.  A stipulation and order dismissing Powers, Klansceck, Weiss, and Arbor Drugs was entered on January 10, 2005.  For the reasons set forth in the Court's May 19, 2004 order, the state law claims are dismissed.  Defendants Caldwell, Fulton, and Ronewicz filed a motion for summary judgment on the remaining claims–violations of the Fourth and Fourteenth Amendments based on Plaintiff's arrest and the search of her car.

**II.    Standard of Review**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After

3

adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant."  *See id.*

### III. Analysis

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.  "To maintain an action under § 1983, a plaintiff must establish that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Black v. Barberton Citizens Hosp.*, 134 F.3d  1265, 1267 (6th Cir. 1998)(quotation and citation omitted).

Defendants maintain that they are entitled to qualified immunity.

> Qualified immunity analysis involves three inquiries: (i) whether . . . the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred; (ii) whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and (iii) whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005)(quotations and citations omitted).

The first step is to determine whether a constitutional violation occurred. Plaintiff first contends that her arrest violated the Fourth Amendment.

> It is well established that any arrest without probable cause violates the Fourth Amendment. For probable cause to arrest to exist, the facts and circumstances within the officer's knowledge must be sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense. Whether there exists a probability of criminal activity is assessed under a reasonableness standard based on an examination of all facts and circumstances within an officer's knowledge at the time of an arrest. The existence of probable cause is a jury question, unless there is only one reasonable determination that is possible.

*Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003)(quotations and citations omitted).

In this case, Plaintiff was arrested based on information provided by Arbor Drugs employees. There was no reason to question the veracity of these witnesses. Unlike situations involving an informant, the Arbor Drugs employees had no reason to submit false evidence. When information is given by a victim or witness without motive a motive to lie, it can be assumed that the information is truthful. *See, e.g., Jaben v. United States*, 381 U.S. 214 (1965); *Chambers v. Maroney*, 399 U.S. 42 (1970).

5

The employees also had a sufficient basis for providing the information: they were eyewitnesses to the transaction. *See Ahlers Schebil*, 188 F.3d 365, 370 (6th Cir. 1999)("An eyewitness identification will constitute sufficient probable cause unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation. This comports with the general notion that, since eyewitnesses' statements are based on firsthand observations, they are generally entitled to a presumption of reliability and veracity.")(quotation and citations omitted).

Powers–the employee that the officers spoke with at the scene–was not present when Plaintiff allegedly used the stolen credit card. The eyewitness employees told her that Plaintiff was "the suspect" however. Probable cause can be based on hearsay. *See, e.g.*, *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003). Moreover, Powers informed the officers where her information came from. (Powers Dep. at 29-30.) Thus, the basis of Powers's knowledge was reliable.

Powers told the officers that Plaintiff was the suspect who, earlier that day, used the stolen credit card. (Caldwell Dep. at 6; Fulton Dep. at 11.) This information is sufficient to establish probable cause. Thus, no constitutional violation occurred and Defendants' motion is granted.

Plaintiff also argues that the search of her car was unconstitutional. The Fourth Amendment protects against warrantless searches. Ronewicz stated that he obtained Plaintiff's consent before conducting the search. (Ronewicz Dep. at 5.) Plaintiff has not provided any evidence to the contrary. Thus, summary judgment is warranted on this claim as well. *See, e.g., United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004)("It is

well-settled that a person may waive his Fourth Amendment rights by consenting to a search.")(citation omitted).

## IV. Conclusion

For the reasons stated above, the Court hereby orders that Defendants' motion for summary judgment is GRANTED.

SO ORDERED.


      s/Nancy G. Edmunds
      Nancy G. Edmunds
      United States District Judge

Dated:  April 27, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2005, by electronic and/or ordinary mail.

      s/Carol A. Hemeyer
      Case Manager